IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANN-MARIE A. CAMPBELL, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:14-CV-03341-TWT-JFK |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

## NON-FINAL REPORT AND RECOMMENDATION

Plaintiff Ann-Marie A. Campbell filed this action to set aside the foreclosure sale of her residence and for damages. Now pending before the court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. 6]. Plaintiff has responded to the motion. [Doc. 8]. Defendant has replied. [Doc. 9]. And the matter has been submitted to the undersigned for a report and recommendation to the District Court.

## I.   Standard of Law

The Federal Rules of Civil Procedure include no requirement that a plaintiff detail the facts upon which the plaintiff bases a claim. Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (as amended 2007). "While a complaint

attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted); accord Financial Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (recognizing that "while notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory") (citations and internal quotation marks omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level," i.e., they must do more than merely create a "'suspicion [of] a legally cognizable right of action,' on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1965 (citations omitted) (emphasis omitted). "Stated differently, the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief[.]'" Stephens, 500 F.3d at 1282 (quoting Twombly, 127 S. Ct. at 1966-67). A plaintiff's complaint

2

will be dismissed if it does not contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The court's inquiry at this stage of the proceedings focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted). A court reviewing a motion to dismiss must keep in mind that a "motion to dismiss for failure to state a claim upon which relief can be granted merely tests the sufficiency of the complaint; it does not decide the merits of the case." Wein v. American Huts, Inc., 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004) (citing Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984)). "Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." Bernard v. Calejo, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998) (citing Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) ("[T]he court may dismiss a complaint . . . when, on the basis of a dispositive issue of law, no construction of the factual allegations will

3

support the cause of action.")); see also Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (same); Aque v. Home Depot U.S.A., Inc., 629 F. Supp. 2d 1336, 1350 (N.D. Ga. 2009).

The court will apply these standards in ruling on Defendant's motion [Doc. 6] to dismiss the complaint.

## II.    Facts

The factual allegations in a complaint are assumed true and construed in the light most favorable to the plaintiff on a motion to dismiss under Rule 12(b)(6). Hardy v. Regions Mortg., Inc., 449 F.3d 1357, 1359 (11th Cir. 2006); M.T.V. v. DeKalb County School Dist., 446 F.3d 1153, 1156 (11th Cir. 2006). "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted). With this in mind, the undersigned finds that Plaintiff Campbell's complaint contains the following factual allegations.[1]

_____

[1]If "matters outside the pleadings are presented to and not excluded by the court, [a Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d) (as amended 2009). However, the Court may "take judicial notice, see Fed. R. Evid. 201, of certain documents attached to a motion to

Plaintiff Campbell acquired the property located at 195 Arbor Lake Drive, Covington, Georgia 30016, on June 4, 2008, funding the purchase with a Federal Housing Administration ("FHA"), thirty-year, fixed-rate mortgage loan in the principal amount of $179,074 from Colonial Bank ("Colonial"). [See Doc. 1 ("Complt."), Exhibit ("Exh.") A ("Note"); Doc. 6, Defendant's Motion to Dismiss, Exh. A ("Warranty Deed")]. Plaintiff executed a security deed conveying the property to Mortgage Electronic Registration Systems, Inc. ("MERS"), and its successors and assigns, as nominee for the lender and its successors and assigns, with the power to foreclose and sell the Property if Plaintiff defaulted on her loan obligations. [Doc. Exh. B ("Security Deed")].

---

dismiss, without converting the motion to one for summary judgment . . . includ[ing] public filings . . . [and] public records . . . ." Harford v. Delta Air Lines, Inc., 2008 WL 268820, at *2 (N.D. Ga. January 30, 2008) (citations omitted). The court may also consider documents referred to in the complaint which are central to the plaintiff's case and not disputed. See Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (citations omitted); Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) (citation omitted). "'Undisputed' in this context means that the authenticity of the document is not challenged." Horsley, 304 F.3d at 1134 (citation omitted). The court has, therefore, considered the copies of the executed and recorded deeds and assignment and the Fulton County Superior Court Order attached to Defendant's motion to dismiss.

5

The note and security deed for Plaintiff's loan refer to federal regulations, issued by the Secretary of the Department of Housing and Urban Development ("HUD"), which apply to mortgagees that participate in the FHA program.  [Complt. ¶ 14].  Section 6(B) of the Plaintiff's note provides:

**6.  BORROWER'S FAILURE TO PAY**
. . .
**(b) Default**

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by *regulations* of the Secretary in case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. . . . [And t]his Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

[Note, ¶ 6(b) (emphasis added)].

The security deed provides, in relevant part, in paragraph 9:

9.  Grounds for Acceleration of Debt

(a) Default. Lender may, except as limited by *regulations* issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if: (i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment; or (ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument. . . .

> (d) Regulations of HUD Secretary. In many circumstances *regulations* issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorization acceleration or foreclosure if not permitted by regulations of the Secretary.

[Security Deed, ¶¶ 9(a), 9(d) (emphasis added)].

Plaintiff Campbell began having difficulty meeting her loan payments in 2010 and requested mortgage relief assistance from Wells Fargo, the loan servicer, which was denied. [Complt. ¶¶ 9, 22]. Beginning in January 2011 and on other dates thereafter, Wells Fargo gave notice of default and acceleration of the debt. [Id. ¶ 10]. On February 20, 2012, MERS assigned the security deed to Wells Fargo. [Id., Exh. C ("Assignment")]. A last notice of default and acceleration was sent to Plaintiff, dated December 10, 2013. [Id. ¶ 10 & Exh. D ("Notice")]. And the property was sold on February 4, 2014, at a non-judicial foreclosure sale to SRP Sub, LLC. [Doc. 6, Exh. D ("Deed Under Power")].[2]

---

[2]Plaintiff filed a case in the Superior Court of Fulton County against Wells Fargo and SRP Sub, LLC. When the Superior Court denied a motion for a temporary restraining order, Plaintiff dismissed that action and filed the present action. [See Doc. 6, Exh. E ("Superior Court Order"); Doc. 6-1 at 3]. Plaintiff alleges that "Defendant SRP Sub [should] be enjoined from evicting Plaintiff in order to preserve the status quo." [Complt. ¶ 32]. But SRP Sub is not a named defendant in this action.

Plaintiff filed this action on October 16, 2014, based on the Court's diversity jurisdiction.  [Complt.].  The complaint alleges that Wells Fargo accelerated the loan and foreclosed on the property without first complying with HUD regulations that are incorporated into Plaintiff's loan documents which constitute preconditions to acceleration and foreclosure.  [Id. ¶¶ 11-16, 43].  In particular, Plaintiff alleges that 24 C.F.R. § 203.604 requires Wells Fargo to have a "face-to-face interview" with Plaintiff or to "make a reasonable effort to arrange such a meeting" by sending at least one letter to Plaintiff by certified mail and making at least one trip to visit Plaintiff at the mortgaged property before three full monthly loan installments go unpaid. Plaintiff alleges that Wells Fargo did not meet with her face-to-face or make a reasonable attempt to have such a meeting before accelerating her loan and foreclosing.  [Id. ¶¶ 17-21].

Plaintiff Campbell further alleges that, as the loan servicer for an FHA mortgage loan, Wells Fargo has to observe the loan servicing procedural standards in the HUD Handbook which, amongst its objectives, is intended to "protect HUD's interest in the insured mortgage" by "minimizing the probability of an insured mortgage terminating in a default and foreclosure and minimizing loss to HUD where claims cannot be avoided."  [Complt. ¶¶ 22, 23].  The HUD Handbook states, "'The purpose of all

8

collection efforts is to bring a delinquent mortgage current in as short a time as possible, to avoid foreclosure to the extent possible, and to minimize losses[ to] HUD which does not expect to see a delinquent mortgage foreclosed if there is a reasonable chance of saving the mortgage."  [Id. ¶ 24 (quoting HUD Handbook Paragraph 7-1)]. "'Mortgagees are expected to make a concerted effort to avoid foreclosure . . . and to utilize acceptable methods of forbearance relief when feasible and . . . reasonable . . . to believe that the mortgagor can and will resume mortgage payments'" and are required by Section 169 of the Housing and Community Development Act of 1987 to provide mortgagors who are behind in their mortgage payments, one or more months, with a list of HUD-approved housing counseling agencies.  [Id. ¶¶ 27-29 (quoting HUD Handbook, Paragraph ¶ 8-1 ("Forbearance Relief")); Exh. F ("HUD Appendix 18")].  Plaintiff alleges that Wells Fargo failed to provide her with a list of HUD-approved housing counseling agencies in Georgia.  [Id. ¶ 30].

Plaintiff's complaint contains five counts for relief.  Count I seeks a declaratory judgment, pursuant to O.C.G.A. § 9-4-2, that the February 4, 2014, foreclosure sale is invalid because of Wells Fargo's failure to comply with the "FHA" regulations incorporated into the loan.  [Id. ¶¶ 33- 39].  Count II, for breach of contract, and Count III, for negligence per se, seek damages for Defendant foreclosing without first

holding a face-to-face meeting with Plaintiff or even attempting to do so  [Id. ¶¶ 40-50].  In Count IV, Plaintiff asserts a claim for wrongful foreclosure and seeks to have the foreclosure sale set aside or, alternatively, to recover damages alleging that Defendant's failure to comply with the HUD regulations referenced in the security deed was a breach of the statutory duty in O.C.G.A. § 23-2-114 to fairly exercise the power of sale in the deed.  [Id. ¶¶ 51-57].  And Count V, the final count for relief, alleges that the foreclosure by Wells Fargo was a "surprise" in violation of O.C.G.A. § 23-2-54.  [Id. ¶¶ 58-63 & Exh. G ("Assistance Update Letter" and "Payment and Balance Summary through 2/1/14")].  Wells Fargo contends that the complaint fails to state "a single cognizable claim or cause of action" and that Plaintiff "lacks the clean hands necessary to obtain the equitable relief" she seeks.  [Docs. 6]

Additional facts will be noted as needed to address the merits of Defendant's motion to dismiss the complaint.

**III.   Discussion**

As noted earlier, Plaintiff filed this action based on the court's diversity jurisdiction and not on the court's federal question jurisdiction.  There is no express or implied federal question, private right of action based on HUD regulations or the HUD Handbook.  See Bates v. JPMorgan Chase Bank, NA, 768 F.3d 1126, 1130-31

(11th Cir. 2014) ("there is no express or implied statutory right of action for HUD violations") (citing, *inter alia*, <u>Cornelius v. Bank of Am., N.A.</u>, 2012 WL 4468746, at *16 (N.D. Ga. September 27, 2012), and <u>Krell v. Nat. Mortg. Corp.</u>, 214 Ga. App. 503, 504, 448 S.E.2d 248, 249 (1994) ("holding violation of HUD regulations did not support a private cause of action")); <u>see also</u> <u>Roberts v. Cameron-Brown Co.</u>, 556 F.2d 356, 360-61 (5th Cir. 1977) (holding that mortgagors do not have an express or implied private right of action based on the HUD Handbook which "HUD has chosen not to publish . . ., thus prohibiting it from having the force and effect of law").[3]  And Plaintiff alleges only state law grounds for relief.

## A.   Declaratory Relief

Plaintiff Campbell first asks the court to issue a declaratory judgment: "(i) that Wells Fargo did not have a face-to-face interview with Plaintiff or make any reasonable effort to arrange such a meeting; (ii) that, consequently, Wells Fargo did not comply with the regulations of HUD and the language in the parties' contract; (iii) that Wells Fargo's compliance with HUD's regulations were conditions precedent to Wells Fargo's commencement of foreclosure proceedings; (iv) that Wells Fargo

---

[3]Decisions of the Fifth Circuit rendered before October 1, 1981, are binding upon panels of the Eleventh Circuit.  <u>See</u> <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

AO 72A
(Rev.8/82)

breached this obligation and prematurely commenced foreclosure against the Plaintiff; and (vi) that, in view of the foregoing, the foreclosure sale was invalid." [Complt. (Count I) ¶ 39].

Wells Fargo argues that Plaintiff is seeking an improper advisory opinion about a mortgage loan upon which the power of sale has already been exercised and that there is no justiciable controversy because the Plaintiff cannot show that she suffered some actual or threatened injury as a result of Defendant's alleged conduct. [Doc. 6-1 at 5]. "'To proceed with a Declaratory Judgment Act claim, there must be an actual issue in controversy as opposed to one that is hypothetical or contrived, the case must not be the medium for securing an advisory opinion, the matter must be definite and concrete, the parties' positions must be defined and adversarial and the issues must be susceptible to judicial determination.'" Kingsley v. State Farm Mut. Auto. Ins. Co., 353 F. Supp. 2d 1242, 1254 (N.D. Ga. 2005) (quoting GE Life & Annuity Assur. Co. v. Combs, 191 F. Supp. 2d 1364, 1370 (M.D. Ga. 2002)). In her complaint, Plaintiff alleges that she has "doubt and uncertainty" about her "legal rights and relations with respect to the Property" which she asserts "have apparently been altered by the actions of Wells Fargo." [Complt. ¶ 38]. And Plaintiff argues that there is a continuing controversy between the parties because of Defendant accelerating her loan and

12

foreclosing without first complying with the HUD regulations referenced in the security deed.  [Doc. 8 at 3 (citation omitted)].

To show that a justiciable controversy exists and invoke a federal court's authority, Plaintiff Campbell "must show, at an irreducible minimum, that at the time the complaint was filed, [s]he has suffered some actual or threatened injury resulting from the defendant's conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by favorable court disposition." Atlanta Gas Light Co. v. Aetna Cas. and Sur. Co., 68 F.3d 409, 414 (11th Cir. 1995) (citation and internal quotation marks omitted).  Accord Tshai Budhi v. BAC Home Loans Servicing, LP, 2012 WL 1677253, at **8, 9 (N.D. Ga. April 16, 2012), report and recommendation adopted at 2012 WL 1677247 (N.D. Ga. May 11, 2012) (same). Additionally, "under Georgia law, 'a party must establish that [a declaratory judgment] is necessary to relieve [her]self of the risk of taking some future action that, without direction, would jeopardize [her] interests.'" Milani v. One West Bank FSB, 491 Fed. Appx. 977, 979 (11th Cir. 2012) (quoting Porter v. Houghton, 273 Ga. 407, 408, 542 S.E.2d 491, 492 (2001)).  "'The object of the declaratory judgment is to permit determination of a controversy *before* obligations are repudiated or rights are violated.'" Sapp v. ABC Credit & Inv. Co., 243 Ga. 151, 159, 253 S.E.2d 82, 87

13

(1979) (citation omitted) (emphasis added).   And the controversy "must be 'of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" <u>Tshai Budhi</u>, 2012 WL 1677253, at *9 (citation omitted).

The court cannot grant a declaratory judgment based on Plaintiff's mere recitation that she is uncertain or insecure about her rights with regard to the property. "Plaintiff has already defaulted on the pertinent note.  On the facts of this case, a declaratory judgment is unavailable because all material rights have accrued based on past events and what Plaintiff seeks is an advisory opinion on the validity of the future act of another party." <u>Milani</u>, 491 Fed. Appx. at 979.  "No uncertainty exists about any future action by Plaintiff in this case[.]" <u>Id.</u>  Additionally, Plaintiff Campbell is asking the court to grant coercive relief against Wells Fargo and declare that the foreclosure sale be set aside which the court cannot do.  "The legislative intent and purpose of the Declaratory Judgment Act is to relieve against uncertainty and insecurity [and] to declare rights, status, and legal relations, but *not* to execute remedies or grant coercive relief." <u>Calvary Independent Baptist Church v. City of Rome</u>, 208 Ga. 312, 314, 66 S.E.2d 726, 728 (1951) (citing <u>Shippen v. Folsom</u>, 200 Ga. 58, 67-68, 35 S.E.2d 915, 917-18 (1945)) (emphasis added).  The court accordingly **RECOMMENDS** that Defendant's motion to dismiss Plaintiff's request

14

for a declaratory judgment (Count I) be **GRANTED** and that Plaintiff's request for declaratory relief be **DISMISSED WITH PREJUDICE**.

## B.    Breach of Contract

Count II of the complaint is a claim for damages for Wells Fargo's purported breach of the parties' contract (i.e., the security deed containing the power of sale) by accelerating her loan and foreclosing on her property without first complying with the HUD regulations referenced in the security deed.  "'The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken.'"  Norton v. Budget Rent A Car Sys., Inc., 307 Ga. App. 501, 502, 705 S.E.2d 305, 306 (2010) (citation omitted).

Wells Fargo does not dispute that there are HUD regulations incorporated into the security deed which can form the basis for a breach of contract claim.  In Bates, the Eleventh Circuit held that HUD regulations (the same regulations cited by Plaintiff Campbell) can be the basis for a breach of contract action in Georgia when incorporated into a security deed as conditions precedent to the power to accelerate and the power of sale.  768 F.3d at 1130.  Plaintiff's security deed clearly references HUD's regulations and "does not authorize acceleration or foreclosure if not permitted

15

by regulations of the Secretary." [Security Deed ¶ 9(d)].  HUD's Handbook, however, is not referenced in the security deed and, therefore, is not a part of the parties' contract.

The key HUD regulation cited by Plaintiff, 24 C.F.R. § 203.604(b), requires a mortgagee to:

> have a face-to-face interview with the [borrower,] or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid.  If default occurs in a repayment plan arranged other than during a personal interview, the mortgagee must have a face-to-face meeting with the mortgagor, or make a reasonable attempt to arrange such a meeting within 30 days after such default and at least 30 days before foreclosure is commenced.

"A reasonable attempt by the mortgagee to arrange such a meeting" is defined as, "at a minimum[, sending] one letter . . . to the mortgagor [by] certified [mail] in addition to at least one trip to see the mortgagor at the mortgaged property, unless the mortgaged property is more than 200 miles from the mortgagee, its servicer or a branch office of either, or it is known that the mortgagor is not residing in the mortgaged property."  24 C.F.R. § 203.604(d).  Plaintiff alleges that Wells Fargo, the loan servicer for the mortgagee, did not have a face-to-face meeting with her or make a reasonable attempt to do so and that her property was within the required distance from Wells Fargo or its branch office; and she was apparently still residing on the

16

property.  [Cmplt. ¶ 42].  Wells Fargo argues that the complaint nonetheless fails to state a claim for breach of contract because Plaintiff "has not alleged any damages arising from Wells Fargo's purported violation of the HUD requirements."  [Doc. 6-1 at 7].

To recover damages for Defendant's purported breach of contract, Plaintiff must allege that Wells Fargo's failure to comply with HUD regulations and, hence, premature acceleration of the loan and premature exercise of the power of sale under the security deed "resulted in damages that would not have occurred but for the breach" of the HUD regulations referenced in the security deed.  Bates, 768 F.3d at 1133.  Wells Fargo contends that Plaintiff's alleged damages – the loss of her property, Wells Fargo's reporting her default to certain credit reporting agencies and, thus, damaging her credit and reputation, and having to pay rent (which the court understands to be after the foreclosure sale) [see Complt. ¶ 44] – are not "resultant damages" which Plaintiff would not have suffered but for Defendant's failure to satisfy the HUD regulations prior to acceleration and foreclosure and that Plaintiff's damages are, instead, the result of her undisputed default.  [Doc. 6-1 at 7].  Wells Fargo also argues that Plaintiff is seeking damages for "emotional distress" which is not recoverable on a breach of contract claim.  [Id. at 8].

17

"[A] plaintiff cannot recover punitive damages or emotional distress damages for a breach of contract under Georgia law."  Blackburn v. BAC Home Loans Servicing, LP, 914 F. Supp. 2d 1316, 1330 (M.D. Ga. 2012) (citing Hardwick v. Williams, 265 Ga. App. 752, 752 & nn. 1-2, 595 S.E.2d 596, 597 & nn. 1-2 (2004)). Accord Baker v. Wells Fargo Bank, N.A., 2015 WL 2233140, at *3 (N.D. Ga. May 12, 2015) (same) (citations omitted).[4]  Plaintiff contends that she is not alleging damages for emotional distress pursuant to her breach of contract claim.  [Doc. 8 at 6].  Damage to credit and reputation, which Plaintiff alleges, is not the same as damage due to emotional distress.  See, e.g., Davis v. Paulk, 99 Ga. App. 607, 608, 109 S.E.2d 316, 317 (1959) (damage to credit and reputation and emotional damage alleged separately).  But Plaintiff's complaint fails to allege facts stating a plausible claim that her credit and reputation were damaged in some way that is separate and apart from the damage to her credit and reputation already caused by her ongoing delinquency and default since 2010.

---

[4]In a complaint almost identical to the complaint by Plaintiff Campbell, the plaintiff in Baker specifically pleaded emotional pain and suffering and mental anguish in connection with Wells Fargo's attempted foreclosure.  Id.

18

With respect to the loss of her home or having to pay rent, Plaintiff again argues, without citation to any supporting case law, that, because a face to face meeting or reasonable effort to arrange such a meeting had to follow Plaintiff's default, Defendant cannot use Plaintiff's default as an excuse for its failure to fulfill the conditions precedent to acceleration and foreclosure in the security deed. [Doc. 8 at 6]. That is correct. Given the Eleventh Circuit's ruling in <u>Bates</u> that "Georgia courts would hold that HUD regulations clearly referenced in a deed as conditions precedent to the power to accelerate and the power of sale could form the basis of a breach of contract action[,]" 768 F.3d at 1132, it is possible, under current law, for a debtor to bring such a post-default breach of contract action.

This case is, however, distinguishable from <u>Bates</u> in two respects: the court in <u>Bates</u> addressed a post-default breach of contract claim at the summary judgment stage of the case and in the context of an attempted foreclosure. The Eleventh Circuit held that any damages allegedly caused by the alleged breach of contract during the banking entity's attempt to foreclose were "negated by the generous reinstatement provision contained in the deed[,]" <u>Id.</u> at 1133, which allowed the debtor to still "simply pay all of the outstanding monthly payments and associated fees admittedly owed," <u>Id.</u>, and that Bates had, thus, "failed to substantiate two important elements of

19

her claim for breach of contract:  causation and damages[,]" <u>Id.</u>  This court, addressing a motion to dismiss a similar breach of contract claim in <u>Baker</u>, reached the same conclusion, i.e., the claim was "required to be dismissed" because the plaintiff had "fail[ed] to show that he suffered damages caused by Wells Fargo's alleged breach of contract" in attempting to foreclose when the same "generous reinstatement provision" was contained in the deed.  2015 WL 2233140, at *4.

In Plaintiff Campbell's case, however, a foreclosure has already occurred.  The court cannot dismiss Plaintiff's claim as a matter of law based on <u>Bates</u> because the court in <u>Bates</u> did not hold or discuss whether a breach of contract claim brought after foreclosure should be dismissed for failure to allege damages.  The court must keep in mind that a motion to dismiss "merely tests the sufficiency of the complaint; it does not decide the merits of the case[,]" <u>Wein</u>, 313 F. Supp. 2d at 1359 (citation omitted), and the court must view the facts in the light most favorable to Plaintiff.  Although Plaintiff may not be able to prove that damages resulted from Defendant's alleged breach of contract which she would not have incurred but for Defendant's alleged breach, the court finds that Plaintiff has stated a "plausibility of entitle[ment] to relief" under current law. <u>Twombly</u>, 127 S. Ct. at 1967 (citation omitted).  Allowing Plaintiff to proceed on this claim will give the parties the benefit of discovery and the Court the

20

benefit of the parties' further briefing on the issue of damages in a post-default breach of contract claim against a banking entity that has already foreclosed on the borrower's property. Accordingly, the court **RECOMMENDS** that Defendant's motion to dismiss the breach of contract claim in Count II be **DENIED**

## C. Negligence per se

In Count III, Plaintiff Campbell alleges that Wells Fargo's same purported violation of HUD regulations constitutes negligence per se for which she seeks damages. "To maintain a viable negligence action, a plaintiff must satisfy the elements of the tort . . . ." Wells Fargo Bank, N.A. v. Jenkins, 293 Ga. 162, 163, 744 S.E.2d 686, 687 (2013) (citation omitted). The elements of a cause of action for negligence in Georgia are:

> "(1) A duty, or obligation, recognized by law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks. (2) A failure on his part to conform to the standard required. (3) A reasonable close causal connection between the conduct and the resulting injury. (4) Actual loss or damage resulting to the interests of the other."

Brookview Holdings v. Suarez, 285 Ga. App. 90, 91, 645 S.E.2d 559, 562 (2007) (citation omitted). Accord Ceasar v. Wells Fargo Bank, N.A., 322 Ga. App. 529, 533, 744 S.E.2d 369, 373 (2013).

Wells Fargo contends that Plaintiff Campbell's claim for negligence per se should be dismissed because her claim is "solely based on HUD regulations that do not create a private right of action." [Doc. 6-1 at 8; Doc. 9 at 3-4]. Plaintiff argues in response that, under O.C.G.A. § 51-1-6, it is possible to recover damages in tort for the Defendant's alleged breach of HUD regulations "even when that duty arises from a statute [or regulation] that does not provide a private cause of action." [Doc. 8 at 6, citing, *inter alia,* Jenkins v. Wachovia Bank, N.A., 314 Ga. App. 257, 259, 724 S.E.2d 1, 3 (2012)]. O.C.G.A. § 51-1-6, provides, "When the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby." But, as argued by Defendant, the Georgia Supreme Court reversed the lower court decision in Jenkins and held that the federal statute at issue, the Gramm-Leach-Biley Act ("GLBA"), does not give rise to a negligence cause of action under O.C.G.A. § 51-1-6 because, while the statute makes a "policy statement" that financial institutions should respect customer privacy, security and security, the statute "does not provide for certain duties or the performance of or refraining from any specific acts on the part of

22

financial institutions, nor does it articulate or imply a standard of conduct or care, ordinary or otherwise." Jenkins, 293 Ga. at 164, 744 S.E.2d at 688.

The court finds that this case is distinguishable from Jenkins because the HUD regulations at issue here provide for "certain duties" and require the performance of certain acts by the financial institution. Id. However, while "Georgia law allows the adoption of a statute as a standard of conduct so that its violation becomes negligence per se, the plaintiff must [also] show that [she] is within the class of persons the statute was intended to protect." Minaird v. Citimortgage, Inc., Civil Action No. 1:13-cv-00152-WBH, Order and Non-Final Report and Recommendation at 13 n.8 (N.D.Ga. July 26, 2013) (citing Brown v. Belinfante, 557 S.E.2d 399, 403 (2001)), adopted in part by Order (N.D. Ga. February 3, 2014).  "'The National Housing Act and the regulations promulgated thereunder deal only with the relations between the mortgagee and the government, and give the mortgagor no claim to duty owed nor remedy for failure to follow.'" Bates, 768 F. 3d at 1130-31 (quoting Roberts, 556 F.2d at 360; and citing Krell, 214 Ga. App. at 504, 448 S.E.2d at 249 (same)). "[T]his Court declines to create" such a duty or remedy. Baker, 2015 WL 2233140, at *5. Thus Plaintiff Campbell is not within the class of persons that the HUD regulations were intended to protect. [Doc. 9 at 4].

23

Plaintiff Campbell's citation to <u>McLain v. Mariner Health Care, Inc.</u>, 279 Ga. App. 410, 631 S.E.2d 435 (2006), does not support her argument that she should be able to state a negligence per se cause of action in addition to a breach of contract action. [Doc. 8 at 7]. The question in <u>McClain</u>, a wrongful death action brought by a daughter whose father had died in one of the defendant's nursing homes, was whether a negligence action could be brought based on allegations of violation of Medicare and Medicaid regulations. 279 Ga. App. at 411-13, 631 S.E.2d at 437-38. The court found that the plaintiff had stated a claim for negligence per se because the plaintiff's father "belonged to the class of persons for whom [the Medicare and Medicaid regulations] were intended to protect" and "the injuries set forth in the complaint . . . were among those [the] statutes and regulations were designed to prevent[,]" and "the complaint's allegations of violations of the same statutes and regulations would [therefore] be competent evidence of [the defendant's] breach of duty under a traditional negligence action." <u>Id.</u> at 413, 631 S.E.2d at 438.

But this case is distinguishable from <u>McClain</u> because, as discussed *supra,* Plaintiff Campbell does not belong to the class of persons that the HUD regulations were intended to protect. And, unlike the facts in <u>McClain</u> which involved statutes that were not incorporated into the parties' contract, the HUD regulations at issue in

24

this case are clearly referenced in and thereby incorporated into the parties' contract. Georgia law is clear that the failure to perform a contract does not constitute a tort. See O.C.G.A. § 51-1-1 (defining a tort as "the unlawful violation of a private legal right other than a mere breach of contract, express or implied"). "[A] plaintiff has 'a tort claim only where, in addition to breaching the contract, the defendant also breaches an independent duty imposed by law.'" McGinnis v. American Home Mortg. Servicing, Inc., 2012 WL 426022, at *6 (M.D. Ga. February 9, 2012) (quoting ServiceMaster Co., L.P. v. Martin, 252 Ga. App. 751, 754, 556 S.E.2d 517, 521 (2001)). And, as stated in Baker, "the negligent acts alleged by Plaintiff against Wells Fargo all arise from the duties created by the Note and Security Deed[,]" 2015 WL 2233140, at *4 (citations omitted); therefore, "Plaintiff cannot assert a claim for violation of HUD regulations and the National Housing Act under O.C.G.A. § 51-1-6 because a cause of action – breach of contract – already exists to remedy the violations alleged," Id., at *5. The court accordingly **RECOMMENDS** that Defendant's motion to dismiss Count III be **GRANTED** and that Plaintiff's negligence per se claim (Count III) be **DISMISSED WITH PREJUDICE**.

25

**D.     Wrongful Foreclosure**

"Georgia law requires a plaintiff asserting a claim of wrongful foreclosure to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Heritage Creek Dev. Corp. v. Colonial Bank, 268 Ga. App. 369, 371, 601 S.E.2d 842, 844 (2004).  In Count IV, Plaintiff claims that, when Defendant Wells Fargo foreclosed without complying with the HUD regulations incorporated into the security deed, Defendant violated the statutory duty under O.C.G.A. § 23-2-114 which requires that "[p]owers of sale in deeds of trust, mortgages, and other instruments . . . shall be fairly exercised."

"Where a grantee does not comply with the statutory duty to exercise fairly the power of sale in a deed to secure debt, OCGA § 23-2-114, the debtor may either seek to set aside the foreclosure or sue for damages for the tort of wrongful foreclosure." Calhoun First Nat. Bank v. Dickens, 264 Ga. 285, 285-86, 443 S.E.2d 837, 838 (1994).  Plaintiff seeks to either have the foreclosure set aside or, in the alternative, damages for the tort of wrongful foreclosure and claims that no bond or tender should be required in order for her to bring a wrongful foreclosure claim because, "with the foreclosure sale of the house, Plaintiff is not indebted to Defendant and there are no

26

sums which are admittedly due." [Complt. ¶¶ 55-57]. While Plaintiff has alleged a duty and a breach of that duty, the first two elements for a wrongful foreclosure claim, Wells Fargo argues that Plaintiff has not shown a causal connection between Defendant's purported actions and the damages she alleges and that Plaintiff's "'[f]ailure to make the proper loan payments or tender the amount due defeats any wrongful claim . . . .'" [Id. at 9-10 (citation omitted)].

## Equitable Relief – Tender

In support of her argument that tender to cure default is not required to obtain equitable relief because the foreclosure has already occurred, Plaintiff cites an unpublished order in Hopkins v. GSLS GA, LLC, 13-CV-0162-AT-RGV (N.D. Ga. March 10, 2014), adopting the a non-final report and recommendation by the magistrate judge who, in a footnote, wrote:

> While defendant's argument that plaintiff lacks standing to challenge the foreclosure because she has not cured her default "would be true if [p]laintiff was attempting to enjoin the foreclosure, it does not apply where the foreclosure has already occurred, and [p]laintiff is attempting to challenge the procedural or substantive aspects of the sale itself."

[See Doc. 6-1 at 10, citing Hopkins, No. 13-cv-0162, Report and Recommendation at 15 n.10 (N.D. Ga. November 26, 2013) (quoting Wideman v. Bank of America, N.A., 2011 WL 6749829, at *2 n.2 (M.D. Ga. December 23, 2011))]. The cases that the

27

court relied on in Wideman in support of its statement that tender is not required after

foreclosure – Mickel v. Pickett, 241 Ga. 528, 247 S.E.2d 82 (1978), and Nicholson v.

OneWest Bank, 2010 WL 2732325 (N.D. Ga. April 20, 2010), report and

recommendation adopted at 2010 WL 2732329 (N.D. Ga. June 7, 2010) – both

involved the issue of whether tender was required to enjoin a foreclosure.  The

undersigned therefore finds that Wideman and Hopkins are distinguishable and

unpersuasive on the issue of whether tender is required after a foreclosure sale before

a borrower can bring a wrongful foreclosure claim.

In Hill v. Filsoof, 274 Ga. App. 474, 618 S.E.2d 12 (2005), the court,

addressing a foreclosure that had already occurred, determined that, "'Before one who

has given a deed to secure [her] debt can have set aside in equity a sale by the creditor

in exercise of the power conferred by the deed, and injunction to prevent interference

with the debtor's possession of the property conveyed by the deed, [she] must pay or

tender to the creditor the amount of principal and interest due.'"  274 Ga. App. at 475

& n.7, 618 S.E.2d at 14 & n.7 (quoting Coile v. Finance Co. of America, 221 Ga. 584,

585, 146 S.E.2d 304, 305 (1965)).  Accord Ceasar, 322 Ga. App. at 532, 744 S.E.2d

at 373 ("contrary to the Ceasars' contention, payment or tender of the principal and

interest due on their loan was a prerequisite to their claim to set aside the foreclosure

28

sale"). <u>See also</u> <u>Rourk v. Bank of American Nat. Assoc.</u>, 587 Fed. Appx. 597, 599 (11th Cir. 2014) ("Rourk's nonperformance[, i.e., failure to tender,] cannot be excused by the bank's alleged breaches in the past."). Because Plaintiff has not alleged that she made the tender required to have a foreclosure sale set aside, the court **RECOMMENDS** that Defendant Wells Fargo's motion to dismiss the wrongful foreclosure claim for **equitable relief** be **GRANTED** and that Plaintiff's Count IV claim for **equitable relief** for wrongful foreclosure be **DISMISSED WITH PREJUDICE**.

### Damages

Defendant Wells Fargo argues that Plaintiff's wrongful foreclosure claim for damages should also be dismissed because Plaintiff has not alleged facts showing a causal connection between Defendant's purported actions and the damages that Plaintiff alleges she sustained – the loss of her property, damage to her credit and reputation and money paid for rent – which Defendant Wells Fargo again argues are damages resulting from Plaintiff's own undisputed failure to repay the loan, not Defendant's alleged actions. [Doc. 6-1 at 9 (quoting, *inter alia*, <u>Howard v. Mortgage Electronic Registration Systems, Inc.</u>, 2012 WL 3582586, at *6 (N.D. Ga. August 17, 2012) (holding, because plaintiff "defaulted on his loan obligations and failed to cure

the default before foreclosure[,]" he "'thus cannot show causation because any alleged injury was solely attributable to his own actions'")].  Plaintiff again argues that the security deed required Wells Fargo to take certain actions "including a face-to face meeting, *following* Plaintiff's default" and that Defendant, therefore, cannot defeat Plaintiff's wrongful foreclosure claim for damages based on an argument that her damages were caused by her own default.  [Doc. 8 at 9 (emphasis in original)].

Every claim for wrongful foreclosure concerns actions taken against property after default on a loan.  And "a claim for wrongful exercise of the power of sale can be asserted even though a debt [was] in default."  Brown v. Freedman, 222 Ga. App. 213, 215, 474 S.E.2d 73, 76 (1996).  See, e.g., Dickens, 264 Ga. at 286, 443 S.E.2d at 839 ("failure to provide proper notice [of default] constituted a breach of the duty to fairly exercise the power of sale created by § 23-2-114"); Racette v. Bank of America, N.A., 318 Ga. App. 171, 176, 733 S.E.2d 457, 463 (2012) (allegation by plaintiffs, who had defaulted on loan, that a defect in advertisement chilled bidding at foreclosure sale causing a grossly inadequate sales price stated a claim for breach of the duty to exercise the power of sale fairly and in good faith).  Whether Defendant Wells Fargo's alleged breach the HUD conditions precedent resulted in an acceleration of the loan and exercise of the power of sale which was unfair or not in

30

good faith and whether Defendant's actions caused Plaintiff to suffer damages in addition to damages caused by her own default, these are questions more appropriately argued at the summary judgment stage than at the motion to dismiss stage.  The court therefore **RECOMMENDS** that Defendant's motion to dismiss the wrongful foreclosure **damages** claim in Count IV be **DENIED**.

**E.      Surprise**

Plaintiff's last count for relief (Count V) alleges that Wells Fargo surprised her and violated O.C.G.A. § 23-2-54 by conducting a foreclosure sale on February 4, 2014, after writing to Plaintiff on January 27, 2014, indicating that Wells Fargo would contact her to inquire about changes in her financial condition.  The statute cited by Plaintiff provides:  "Anything which happens without the agency or fault of the party affected by it, tending to disturb and confuse his judgment or to mislead him, of which the opposite party takes an undue advantage, is . . . a surprise and [ ] a form of fraud for which equitable relief is granted."  O.C.G.A. § 23-2-54.  In her complaint, Plaintiff recites the elements of a claim for surprise and makes a conclusory allegation that Defendant acted maliciously to confuse her judgment and mislead her to gain an advantage and that Defendant thereby surprised her when it proceeded with a foreclosure sale in February 2014 and caused her damages.  [Complt. ¶¶ 62, 63].

Defendant argues that Plaintiff's conclusory recitation of the elements of surprise is contradicted by the record.

To survive a motion to dismiss "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" <u>Twombly</u>, 127 S. Ct. at1964-65 (citations omitted).   And the court finds that the record contradicts Plaintiff's allegation and argument that she was surprised by Defendant Wells Fargo proceeding with foreclosure at the time that it did so, in February 2014, even if she was not surprised by foreclosure itself.  [Complt. ¶ 61; Doc. 8 at 10]. Plaintiff tendered payments in the months before she was given notice of acceleration and foreclosure, and Wells Fargo rejected the payments and returned the payments to her.  [Complt. ¶¶ 59-61 & Exh. G ("Assistance Update Letter" and "Payment and Balance Summary through 2/1/14")].  Plaintiff was then given notice, on December 10, 2013, that the due date for her loan was being accelerated because of her default. [Complt. ¶ 10 & Exh. D ("Notice")].   The Deed under Power [Doc. 6, Exh. D] documents that Plaintiff Campbell was also given notice, in compliance with O.C.G.A. § 44-14-162, that the property would be sold at foreclosure on the first Tuesday in February 2014.  Therefore, Plaintiff should not have been surprised by the acceleration of the loan or by the foreclosure.  The record supports Plaintiff's allegation that she

32

made several loan payments between July 2013 and January 2014 which Defendant did not apply to her loan and, instead, returned to her.[5]  Plaintiff requested mortgage relief assistance which was denied.  [Complt. ¶ 9].  And the record does not reflect nor does Plaintiff allege that the payments she tendered to Wells Fargo were in an amount equal the total payment due on the loan including unpaid late charges and overdue payments as of February 1, 2014, just prior to the foreclosure sale.  [See Complt., Exh. G ("Payment and Balance Summary through 2/1/14")].   Therefore, Plaintiff's attempted payments in the months preceding foreclosure do not support her claim that she was surprised by Wells Fargo proceeding with foreclosure.  The court accordingly **RECOMMENDS** that Defendant's motion to dismiss Count V for surprise, in violation of O.C.G.A. § 23-2-54, be **GRANTED** and **FURTHER RECOMMENDS** that Count V be **DISMISSED WITH PREJUDICE** as the record indicates that repleader would be futile.

---

[5]The court notes that HUD regulations provide, "If the mortgage is in default, a partial payment may be returned to the mortgagor with a letter of explanation" under several circumstances.  24 C.F.R. § 203.556(d).

**IV.    Conclusion**

The undersigned **RECOMMENDS** that Defendant Wells Fargo's motion [Doc. 6] to dismiss the complaint in this action be **GRANTED IN PART** and **DENIED IN PART**.

The court **RECOMMENDS** that Defendant's motion to dismiss Count I (for declaratory judgment), Count II (for equitable relief based on breach of contract), Count III (for negligence per se), Count IV (for equitable relief for wrongful foreclosure), and Count V (for surprise) be **GRANTED** and that said claims be **DISMISSED WITH PREJUDICE**.

The court **RECOMMENDS** that Defendant's motion to dismiss the damage claim in Count II for breach of contract and the damage claim in Count IV for violation of the duty in O.C.G.A. § 23-2-114 to fairly exercise the power of sale be **DENIED**.

**SO RECOMMENDED THIS** 29th day of June, 2015.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

34